THE GOLDRING FIRM
 Orit Goldring
*Attorney for Named Plaintiffs, proposed FLSA*
*Plaintiffs, and proposed Class*
845 Third Avenue, 6th Floor
New York, NY  10022
Tel: 212.844.9308

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL LANTINO, JOANNE CABELLO on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

CLAY LLC, THE GYM AT GREENWICH, LLC, THE GYM AT PORT CHESTER INC., THE GYM AT UNION SQUARE, LLC, SETH HIRSCHEL, STEFAN MALTER, and BARNET LIBERMAN,

Defendants.

**Docket No. _____**

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, allege, upon knowledge as to themselves and upon information and belief as to all others, as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiffs' rights guaranteed to them by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Labor Law, N.Y. Labor Law §§ 190, *et seq*. ("NYLL").

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under FLSA. This Court has supplemental jurisdiction over the NYLL

claims under 28 U.S.C. § 1367 because they are so related to the claims in this action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein took place in this District.

## THE PARTIES

4.     Defendant Clay LLC ("Clay") is a Delaware corporation with a principal place of business at 25 West 14th Street in New York, New York.

5.     Upon information and belief, Clay does business as each of the following limited liability companies, each of which is a Defendant herein: The Gym at Greenwich, LLC, The Gym at Port Chester Inc. and The Gym at Union Square, LLC (collectively referred to as "Corporate Defendants").

6.     Upon information and belief, Clay has an annual gross volume of sales in excess of $500,000.

7.     Upon information and belief, The Gym at Greenwich, LLC has an annual gross volume of sales in excess of $500,000.

8.     Upon information and belief, The Gym at Port Chester Inc. has an annual gross volume of sales in excess of $500,000.

9.     Upon information and belief, The Gym at Union Square, LLC has an annual gross volume of sales in excess of $500,000.

10. At all relevant times, the Corporate Defendants have collectively operated together as a common enterprise in conducting business, including the business practices described in the Complaint.

11. The Corporate Defendants have common ownership, officers, managers, businesses and functions.

12. Upon information and belief, the Corporate Defendants commingle assets.

13. At all times relevant hereto, Seth Hirschel, Stefan Malter and Barnet Liberman (collectively "Individual Defendants") have been adult individuals and principles of the Corporate Defendants who each reside in the state of New York.

14. Upon information and belief, Hirschel is one of the ten largest members of each Corporate Defendant.

15. Upon information and belief, Hirschel maintained operational control over the Corporate Defendants and exercised sufficient control over the Corporate Defendants' day-to-day operations to be considered an employer of Plaintiffs and those similarly situated. Among other things, Hirschel had the power to hire and fire employees, supervised and controlled employees' daily activities, determined the rate and method of payment of employees' wages, and had responsibility for maintaining employment records.

16. Upon information and belief, Seth Hirschel is also the Chief Executive Officer of the Corporate Defendants.

17. Upon information and belief, Malter is one of the ten largest members of each Corporate Defendant.

18. Upon information and belief, Malter maintained operational control over the Corporate Defendants and exercised sufficient control over the Corporate Defendants' day-to-day

operations to be considered an employer of Plaintiffs and those similarly situated. Among other things, Hirschel had the power to hire and fire employees, supervised and controlled employees' daily activities, determined the rate and method of payment of employees' wages, and had responsibility for maintaining employment records.

19. Upon information and belief, Liberman is one of the ten largest members of each Corporate Defendant.

20. Upon information and belief, Liberman maintained operational control over the Corporate Defendants and exercised sufficient control over the Corporate Defendants' day-to-day operations to be considered an employer of Plaintiffs and those similarly situated. Among other things, Hirschel had the power to hire and fire employees, supervised and controlled employees' daily activities, determined the rate and method of payment of employees' wages, and had responsibility for maintaining employment records.

21. Upon information and belief, each of the Individual Defendants received regular financial reports concerning the Corporate Defendants.

22. Each of the Individual Defendants actively, directly and intentionally failed and refused to pay Plaintiffs their wages in accordance with the FLSA and NYLL.

23. By letters dated November 30, 2018, December 11, 2018 and December 14, 2018, Hirschel, Malter, and Liberman were notified that Plaintiffs, on behalf of themselves and all similarly situated employees, intend to hold them personally liable for all debts, wages or salaries due and owing to them pursuant to Section 630 of the New York Business Corporation Law or Section 609 of the New York Limited Liability Company Law.

24. The Corporate and Individual Defendants are referred to collectively as "Defendants."

25. Plaintiff Michael Lantino has been employed by Defendants as a personal trainer at their Union Square fitness facility from approximately January 1, 2012 through the present.

26. Lantino is a resident of the state of New York.

27. Plaintiff Joanne Cabello has been employed by Defendants as a personal trainer at their Union Square fitness facility from approximately July 5, 2009 through the present.

28. Cabello is a resident of the state of New York.

29. The named Plaintiffs are hereinafter referred to collectively as "Plaintiffs."

30. At all times relevant hereto, Plaintiffs worked for Defendants in New York and were "employees" as defined by the FLSA and NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), on behalf of themselves, as well as on behalf of all current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants and give consent to file a claim to recover damages for unpaid wages, liquidated damages and interest that is legally due to them ("FLSA Plaintiffs").

32. At all relevant times, the FLSA Plaintiffs are and have been similarly situated, and are and have been subject to Defendants' decision, policy, plan, and common policies, practices, procedures, protocols, and routines, willfully failing and refusing to pay them their legally-required wages when due. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Plaintiffs

33. The FLSA Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

Notice can be provided to the FLSA Plaintiffs via first class mail to the last home address, phone number and email address known to Defendants.

### RULE 23 CLASS ALLEGATIONS – NYLL

34. Plaintiffs bring the Third through Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure, Rule 23 ("Rules 23"), on behalf of themselves as well as on behalf of all current and former similarly situated employees of Defendants who, during the applicable NYLL limitations period, performed any work for Defendants.

35. Plaintiffs shall seek certification of the following Rule 23 class:  Current and former employees of Defendants who performed any work for Defendants during the previous six years within the State of New York who: (1) were not paid their regular wages for all hours worked; and/or (2) were not paid all of their regular wages on a timely basis; and/or (3) did not receive a proper wage notice and/or wage statements (collectively the "Class"").

36. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours worked, rates of pay, deductions taken, and dates of payment for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names, phone numbers and physical and email addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

37. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

38.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failure to provide wage notices and wage statements, and late payment of wages. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

39.     Plaintiffs can and will fairly and adequately protect the interests of the Class, anticipate cooperating fully in all discovery relating to this matter, and have no interests antagonistic to the Class. Plaintiffs are represented by an experienced and competent attorney.

40.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burdens of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims

would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

41.     Upon information and belief, Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint with a degree of anonymity that allows for the vindication of their rights while eliminating or reducing these risks.

42.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed the Class members within the meaning the NYLL;

   b. Whether Defendants paid Plaintiffs and the Class members their regular wages for all hours worked;

   c. Whether Defendants kept and maintained accurate records of Class members' hours worked;

    d. What are and were the policies, programs, procedures, and protocols and plans of Defendants regarding payment for the type of work that the Class members performed;

    e. Whether Defendants paid the Class members on a timely basis;

    f. Whether Defendants' wage statements met the requirements of the NYLL; and

    g. Whether Defendants provided Class members with legally required wage notices.

## FACTS

43. Plaintiffs' consent to sue forms are attached hereto as Exhibit A.

### Failure to Pay Wages

44. Defendants failed to comply with the requirements of the FLSA and NYLL when they unilaterally stopped paying Plaintiffs for work they had performed.

45. Between October 1, 2018 and the present, Lantino has performed approximately 89 hours of work for Defendants and has not received any compensation for his time.

46. Between October 1, 2018 and the present, Cabello has performed approximately 116 hours of work for Defendants and has not received any compensation for her time.

47. Plaintiffs are aware of other current and former employees of the Defendants who have not received compensation for their time.

48. Defendants were fully aware of Plaintiffs' and other employees' issues with unpaid wages, yet failed to provide the wages owed.

### Late Payment of Wages

49. Defendants failed to comply with the requirements of the FLSA and NYLL regarding the timely payment of wages.

50. Defendants informed Plaintiffs that they would receive paychecks bimonthly, on the 7th and 22nd of each month.

51. On numerous occasions during 2017 and 2018, Defendants failed to deliver to Plaintiffs their paychecks on the regularly-scheduled paydays when they were due, instead delivering them days or weeks later.

52. By way of example:

   a. Michael Lantino received a paycheck dated September 25, 2018.

   b. Michael Lantino received a paycheck dated November 11, 2018 for services performed the first two weeks of October.

   c. Joanne Cabello received a paycheck dated September 25, 2018.

53. On other occasions, Defendants delivered Plaintiffs' paychecks on time, but the checks bounced when Plaintiffs deposited them in the bank, requiring new checks to be issued (late) and forcing Plaintiffs to incur bank fees for each bounced check.

54. By way of example:

   a. A check dated September 25, 2018 in the amount of $1,502.77 to Michael Lantino bounced on September 28, 2018.  Lantino incurred a $15 bank fee for the bounced check.

      i. Defendants wired the money on October 4, 2018 causing Lantino to incur a $15 wire transfer fee.

   b. A check in the amount of $2,313.82 to Michael Lantino bounced on September 5, 2018.  Lantino incurred a $15 bank fee for the bounced check.

   c. A check in the amount of $2,018.69 to Michael Lantino bounced on May 18, 2018.  Lantino incurred a $15 bank fee for the bounced check.

  d. A check in the amount of $1,280.34 to Joanne Cabello bounced on December 12, 2014.  Cabello incurred a $12 bank fee for the bounced check.

  e. A check in the amount of $2,755.50 to Joanne Cabello bounced on February 12, 2016.  Cabello incurred a $24 bank fee for the bounced check.

  f. A check in the amount of $932.66 to Joanne Cabello bounced on February 12, 2016.  Cabello incurred a $12 bank fee for the bounced check.

  g. A check in the amount of $765 to Joanne Cabello bounced on May 17, 2018.  Cabello incurred a $12 bank fee for the bounced check.

  h. A check in the amount of $2,582.19 to Joanne Cabello bounced on May 18, 2018.  Cabello incurred a $12 bank fee for the bounced check.

  i. A check in the amount of $2, 391.08 to Joanne Cabello bounced on July 23, 2018.  Cabello incurred a $12 bank fee for the bounced check.

55. At times, Defendants would issue checks on time only to tell the Plaintiffs not to cash them for a few days.

56. In addition, Defendants would intentionally change Plaintiffs' pay dates unilaterally and without prior notice in order to delay providing Plaintiffs with their paychecks.

57. Plaintiffs are aware of other current and former employees of the Defendants who received bounced checks and/or late payment of wages.

58. Anonymous postings on glassdoor.com and indeed.com from former employees of the Corporate Defendants refer to bounced checks and/or late payments being a common occurrence.

59. Defendants were fully aware of Plaintiffs' and other employees' issues with late and/or bounced paychecks, yet failed to correct the problem and continued to deliver paychecks that were late and/or had insufficient funds to cover them.

### Failure to Provide Wage Notices

60. At all relevant times, Defendants failed to provide Plaintiffs, the FLSA Plaintiffs, and members of the Class with a written notice of payrate and payday as required by NYLL§ 195(1).

61. Specifically, Plaintiffs, the FLSA Plaintiffs, and members of the Class were not provided with "written notice of the employee's regular hourly pay rate, overtime hourly pay rate, and the regular payday."

### Failure to Provide Adequate Wage Statements

62. At all relevant times, Defendants failed to provide Plaintiffs, the FLSA Plaintiffs, and members of the Class the wage notices required under Section 195(3) of the NYLL and the Miscellaneous Wage Order, 12 N.Y.C.R.R. § 142-2.7.

63. Specifically, Plaintiffs, the FLSA Plaintiffs, and members of the Class were not provided, at the time they were paid, with a statement or pay stub setting forth "address and phone number of the employer"

64. On some occasions, such as a payment made to Lantino on November 19, 2018, the payment was not accompanied by any wage statement whatsoever.

65. Defendants committed the violations alleged herein knowingly, intentionally, and willfully.

66. Defendants knew that (i) nonpayment of wages, (ii) late payment of wages; and (iii) failing to provide Plaintiffs, the FLSA Plaintiffs, and members of the Class with legally-required

12

wage statements and wage notices, would economically injure Plaintiffs, the FLSA Plaintiffs, and members of the Class, and violated federal and state laws.

67.     By their aforesaid actions, Defendants willfully violated their wage payment obligations under the FLSA and NYLL, and are liable to Plaintiffs, the FLSA Plaintiffs, and members of the Class, for (i) all unpaid wages, (ii) 100% liquidated damages equal to the amount of all unpaid wages; (iii) 100% liquidated damages equal to the amount of each late or bounced check; (iv) all bank fees incurred by Plaintiffs as a result of the bounced checks, plus interest, costs, and the reasonable attorneys' fees incurred by Plaintiffs in prosecuting this action.

68.     As a result of Defendants' violations of NYLL § 195(1), Defendants are liable to Plaintiffs for penalties in the amount of up to $5,000 per Plaintiff and the reasonable attorneys' fees incurred by Plaintiffs in prosecuting this action.

69.     As a result of Defendants' violations of NYLL § 195(3), they are liable to Plaintiffs for penalties in the amount of up to $5,000 per Plaintiff and the reasonable attorneys' fees incurred by Plaintiffs in prosecuting this action.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage on Behalf of Plaintiffs and FLSA Plaintiffs)**

70.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

71.     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs.

72. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs and the other FLSA Plaintiffs the federal minimum wage for each hour worked.

73. Plaintiffs, on behalf of themselves and the FLSA Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Late Payment of Wages on Behalf of Plaintiffs and FLSA Plaintiffs)**

74. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

75. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs.

76. On multiple occasions during the statute of limitations period covered by these claims, Defendants knowingly failed to timely pay Plaintiffs their earned wages on their regularly-scheduled pay day, resulting in the late payment of wages.

77. To the extent Defendant delayed making payments to Plaintiff, either by failing to issue him paychecks on a regular basis or by issuing checks that were returned for insufficient funds, Defendant failed to comply with the FLSA's prompt payment requirement,

78. On multiple occasions during the statute of limitations period covered by these claims, Defendants knowingly provided Plaintiffs with paychecks without sufficient funds to pay

14

them, resulting in bounced paychecks, the late payment of wages, and the payment by Plaintiffs of bank fees associated with Defendants' bounced checks.

79. The aforesaid conduct of Defendants was knowing, intentional, and willful.

80. By their aforesaid conduct, Defendants willfully violated the provisions of the FLSA regarding payment of wages, 29 U.S.C. § 206, et seq.

81. Plaintiffs, on behalf of themselves and the FLSA Plaintiffs, seek damages in the amount of liquidated (double) damages equal to the amount of Plaintiffs' respective untimely-paid wages, as provided by the FLSA for wage violations, as well as compensatory damages for bank fees paid by Plaintiffs, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(Late Payment of Wages on Behalf of Plaintiffs and NYLL Class members)**

82. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

83. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the NYLL, § 190, et seq. At all relevant times, Defendants have employed "employee[s]," including Plaintiffs.

84. On multiple occasions during the statute of limitations period covered by these claims, Defendants failed to timely pay Plaintiffs their earned wages on their regularly-scheduled pay day, resulting in the late payment of wages.

85. On multiple occasions during the statute of limitations period covered by these claims, Defendants provided Plaintiffs with paychecks without sufficient funds to pay them,

resulting in bounced paychecks, the late payment of wages, and the payment by Plaintiffs of bank fees associated with Defendants' bounced checks.

86. On multiple occasions during the statute of limitations period covered by these claims, Defendants failed to timely pay Plaintiffs their earned wages on their regularly-scheduled pay day, resulting in the late payment of wages.

87. On multiple occasions during the statute of limitations period covered by these claims, Defendants failed to timely pay Plaintiffs their earned wages and have yet to make those payments.

88. The aforesaid conduct of Defendants was knowing, intentional, and willful.

89. By their aforesaid conduct, Defendants willfully violated the provisions of the NYLL regarding timely payment of wages, NYLL § 191, et seq.

90. Plaintiffs, on behalf of themselves and members of the Class, seek damages in the amount of liquidated (double) damages equal to the amount of Plaintiffs' respective untimely-paid wages, as provided by the NYLL for wage violations, as well as compensatory damages for bank fees paid by Plaintiffs, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELEIF**
**(Failure to Provide Wage Notices on Behalf of Plaintiffs and NYLL Class members)**

91. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

92. Pursuant to Section 195(1) of the NYLL, Defendants were required to provide Plaintiffs upon hire with written notice of their "rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer," and, for all employees who are not exempt from overtime compensation, "the regular hourly rate and overtime rate of pay".

93. Pursuant to NYLL § 195, Defendants were further required to provide Plaintiffs at least 7 days advance written notice of any changes in the aforementioned information, including changes in Plaintiffs' regular pay day.

94. Throughout the statute of limitations period covered by these claims, Defendants failed to provide Plaintiffs with the wage notices required pursuant to NYLL § 195, either at the time of hire or when Plaintiffs' regular pay day was changed.

95. As a result of Defendants' violations of NYLL § 195, Plaintiffs are entitled to recover from Defendants, jointly and severally, a penalty of $50 per day for each violation, not to exceed $5,000 per employee, costs, attorney's fees, and such other injunctive and declaratory relief as the Court may deem necessary or appropriate under NYLL § 198(1-b).

### FIFTH CLAIM FOR RELIEF
### (Failure to Provide Proper Wage Statements on Behalf of Plaintiffs and NYLL Class member)

96. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

97. Pursuant to Section 195(3) of the NYLL, Defendants were required to provide Plaintiffs "with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; gross wages; deductions; allowances; if any, claimed as part of the minimum wage; and net wages."

98. Pursuant to the Miscellaneous Wage Order § 142-2.7, Defendants were required to provide Plaintiffs with a "statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wages, deductions and net wages."

99. Throughout the statute of limitations period covered by these claims, Defendants failed to provide Plaintiffs with wage statements which met the requirements of NYLL § 195(3).

100. As a result of Defendants' violations of NYLL § 195, Plaintiffs are entitled to recover from Defendants, jointly and severally, a penalty of $250 per work day that the violation occurred or continues to occur, not to exceed $5,000 per employee, costs, attorney's fees, and such other injunctive and declaratory relief as the Court may deem necessary or appropriate under NYLL § 198(1-d).

## SIXTH CLAIM FOR RELIEF
**(Unjust Enrichment on Behalf of Plaintiffs, FLSA Plaintiffs and NYLL Class members)**

101. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

102. Plaintiffs conferred a benefit upon Defendants with the expectation of being paid fairly and in accordance with the FLSA and NYLL.

103. Because Plaintiffs performed services for Defendants with the expectation and understanding that they would be compensated for their work fairly and in accordance with the FLSA and NYLL, and instead Defendants retained for themselves wages that were legally required to be paid to Plaintiffs, equity and good conscience require that Plaintiffs receive restitution from Defendants.

104. As a consequence of Defendants' aforesaid actions, they have been unjustly enriched at Plaintiffs' expense, and Plaintiffs are entitled to recover from Defendants, jointly and severally, all damages and remedies provided for by law, including, *inter alia*, all wrongfully withheld compensation, plus interest, costs, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Plaintiffs, and members of the Class, respectfully pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b).

B. Designation of Plaintiffs as Representatives of the FLSA Plaintiffs;

C. Designation of this action as a class action pursuant to Rule. 23;

D. Designation of Plaintiffs as Representatives of the Class;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663, and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J.      Such other and further relief as the Court may deem just, equitable, and proper.

Dated: New York, New York  
       December 27, 2018

The Goldring Firm

/S/

_____

Orit Goldring (OG-1023)

11 Broadway, Suite 615  
New York, NY 10004  
Tel: 212.844.9308

*Attorney for Named Plaintiffs, proposed FLSA Plaintiffs, and proposed Class*