UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MICHAEL LANTINO, JOANNE CABELLO, on
behalf of themselves and all others similarly
situated,

                Plaintiffs,

      v.

CLAY LLC, THE GYM AT GREENWICH, LLC,
THE GYM AT PORT CHESTER INC., THE GYM
AT UNION SQUARE, LLC, SETH HIRSCHEL,
STEFAN MALTER, and BARNET LIBERMAN,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: 1:18-cv-12247 (AT) (SDA)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND LEAVE TO DISTRIBUTE NOTICE**

Dated: New York, New York
         July 10, 2019

LIPSKY LOWE LLP
630 Third Avenue, Fifth Floor
New York, New York 10017-6705

*Attorneys for Defendants The Gym at Greenwich, LLC,
The Gym at Port Chester Inc., The Gym at Union Square, LLC,
Seth Hirschel, Stefan Malter, and Barnet Liberman*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 2

LEGAL ARGUMENT ................................................................................................... 3

I. PLAINTIFFS CANNOT MEET THEIR BURDEN OF PROVING THAT ALL OF THE PUTATIVE COLLECTIVE ACTION MEMBERS ARE SIMILARLY SITUATED AND SUBJECT TO A SINGLE DECISION, POLICY OR PLAN THAT VIOLATED THE LAW. ........................................... 3

    A. Plaintiffs Have Failed to Establish That They Are Similarly Situated to All Employees of Defendants. ................................................. 4

        1. The Factual Nexus Between the Named Plaintiffs and the Putative Collective Action Members Has Not Been Established. .............................................................................. 4

        2. Opt-In Plaintiffs' Nonspecific Conversations with Other Employees Are Insufficient to Establish that Plaintiffs are Similarly Situated to All of Defendants' Employees. ............... 8

II. IF CONDITIONAL CERTIFICATION IS GRANTED, PLAINTIFFS' PROPOSED NOTICE MUST BE MODIFIED. .................................................... 11

    A. The Collective Action Should Be Limited to Employees Who Worked as Personal Trainers, Golf Professionals and Receptionists . ................... 11

    B. The Proposed Notice Must Advise Putative Opt-In Plaintiffs of Their Right to Hire Their Own Attorney. ............................................................ 12

    C. The Proposed Notice Must Provide Putative Opt-In Plaintiffs With Defense Counsel's Contact Information .......................................... 13

    D. The Proposed Notice Fails to Inform Putative Opt-In Plaintiffs of Their Litigation Obligations ................................................................. 13

CONCLUSION ............................................................................................................ 14

TABLE OF AUTHORITIES

CASES

*Apolinar v. R.J. 49 Rest., LLC*
15-cv-8655 (KBF), 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. Dec. 5, 2016) ..................... 7

*Bah v. Show Mania, Inc.*
08 Civ. 9380 (LTS) (AJP), 2009 U.S. Dist. LEXIS 40803 (S.D.N.Y. May 13, 2009) ..... 12

*Cheng XiaWang v. Shun Lee Palace Rest., Inc.*,
17-CV-00840 (VSB), 2018 U.S. Dist. LEXIS 108437 (S.D.N.Y. June 28, 2018) ........... 12

*Cruz v. 70-30 Austin St. Bakery, Inc.*,
18 Civ. 7408 (PAE) (HBP), 2019 U.S. Dist. LEXIS 73666 (S.D.N.Y. May 1,
2019) .............................................................................................................. 8, 9, 10, 11

*Escano v. N&A Produce & Grocery Corp.*,
14-cv-4239 (PAC), 2015 U.S. Dist. LEXIS 29785 (S.D.N.Y. Mar. 11, 2015) ................ 13

*Garcia v. Spectrum of Creations Inc.*,
No. 14 Civ. 5298 (GWG), 102 F. Supp. 3d 541 (S.D.N.Y. 2015) ...................................... 5

*Herrera v. 449 Rest., Inc.*,
15-cv-6647-RA-FM, 2016 U.S. Dist. LEXIS 85520 (S.D.N.Y. June 27, 2016) .............. 12

*Ikikhueme v. CulinArt, Inc.*,
13 Civ. 293 (JMF), 2013 U.S. Dist. LEXIS 77720 (S.D.N.Y. June 3, 2013) ..................... 4

*Kew Sing Yap v. Mooncake Foods, Inc.*,
146 F. Supp. 3d 552 (S.D.N.Y. 2015) ............................................................................... 5

*Martin v. Sprint/United Mgmt. Co.*,
15 Civ. 5237 (PAE), 2016 U.S. Dist. LEXIS 352 (S.D.N.Y. Jan. 4, 2016) ..................... 13

*Mata v. Footbridge LLC*,
14 Civ. 8754 (ER), 2015 U.S. Dist. LEXIS 70550 (S.D.N.Y. June 1, 2015) ......... 9, 10, 11

*Reyes v. Nidaja,*
14 Civ. 9812, 2015 U.S. Dist. LEXIS 101728 (S.D.N.Y. July 31, 2015) .................. 5, 7, 8

*Sanchez v. JMP Ventures, L.L.C.*,
1:13-cv-7264 (KBF), 2014 U.S. Dist. LEXIS 14980 (S.D.N.Y. Jan. 27, 2014) ................. 4

*Shajan v. Barolo*,
10 Civ. 1385 (CM), 2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010) ............ 12, 13

*Trinidad v. Pret A Manger (USA) Ltd.*,
  962 F. Supp. 2d 545 (S.D.N.Y. 2013) ................................................................................ 7

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
  767 F. Supp. 2d 445 (S.D.N.Y. 2011) ............................................................................ 12

Defendants The Gym at Greenwich, LLC, The Gym at Port Chester Inc., The Gym at Union Square, LLC, Seth Hirschel, Stefan Malter and Barnet Liberman (the "Defendants") submit this memorandum of law in opposition to Plaintiffs' motion for conditional certification and leave to distribute notice under 29 U.S.C. § 216(b) (the "Motion").

PRELIMINARY STATEMENT

Plaintiffs go too far with their Motion. Until they were closed for financial reasons, Defendants operated two gyms (one in New York, New York and one in Port Chester, New York), at which they employed individuals in vastly different positions. The Named Plaintiffs worked only as personal trainers at the New York City location. Yet they seek to conditionally certify a collective action that would include every individual who worked at every location and who worked in every position. Plaintiffs' Motion should accordingly be denied because they have not met their burden in establishing they are similarly situated to this overly broad collective action.[1]

Plaintiffs' proposed Notice of Lawsuit (the "Notice") is also defective in that it fails to (1) limit the scope of employees who may participate in the collective action; (2) inform putative opt-in plaintiffs of their right to find their own attorney; (3) inform putative opt-in plaintiffs of their potential litigation obligations; and (4) provide putative opt-in plaintiffs Defendants' counsel's contact information.

---

[1] Plaintiffs did not include in their Memorandum of Law in support of the Motion ("Plaintiffs' Mem.") the group of employees that they wish to represent in the collective action. Plaintiffs, instead, have only included this information in the Notice and Consent form attached as exhibits E and F to the Declaration of Orit Goldring, Esq. dated June 18, 2019 ("Goldring Dec.").

The Motion should, accordingly, be denied. If, however, the Court does grant any part of the Motion, Defendants respectfully submit that the proposed collective action be narrowed and that the Notice be revised.

STATEMENT OF FACTS

The Gym at Greenwich, LLC The Gym at Port Chester Inc. and The Gym at Union Square, LLC operated two fitness facilities, one located in the Union Square neighborhood of New York City (the "Union Square Location"), and one located in Port Chester, New York.[2] [3]

Named Plaintiffs Michael Lantino and Joanne Cabello ("Named Plaintiffs") assert that they worked for Defendants as personal trainers at the Union Square Location.[4, 5] They allege that Defendants have failed to pay them any wages since October 1, 2018; routinely failed to deliver them their paychecks on their regularly-scheduled paydays; and regularly delivered them paychecks which bounced when they deposited them in the

---

[2] Defendant Stefan Malter's declaration submitted in opposition to the Motion dated July 10, 2019 ("Malter Dec.") ¶ 4.

[3] Defendants also operated three fitness facilities in Connecticut, two of which closed in 2018, and one of which closed in 2016 (the "Connecticut Locations"). Malter Dec. ¶ 5. The Gym at Greenwich, LLC The Gym at Port Chester Inc. and The Gym at Union Square, LLC were not affiliated with the Connecticut Locations, and the entities that were affiliated with the Connecticut Locations are not named as defendants in this action. *Id.* ¶ 6. Neither of the Named Plaintiffs nor the opt-in plaintiffs worked at any of the Connecticut Locations. *Id.* ¶ 7.

[4] December 27, 2018 Class and Collective Action Complaint (Dkt. No. 1) ("Comp.") at ¶¶ 25, 27; Named Plaintiff Cabello's June 18, 2019 Declaration submitted in support of the Motion ("Cabello Dec.") at ¶ 1.

[5] Plaintiff Cabello asserts in the Cabello Dec. that she worked at the Union Square Location from 2001 until December 26, 2018. Cabello Dec. ¶ 1. This directly contradicts her allegations set forth in the complaint which provide that she worked at the Union Square Location from July 5, 2009 through the present, which at the time of filing was December 27, 2018. Comp. ¶ 27.

bank.[6] They further assert that the corporate defendants "have collectively operated together as a common enterprise in conducting business," and "have common ownership, officers, managers, businesses and functions."[7]

Named Plaintiffs now seek to conditionally certify a collective action consisting of all employees who worked for "The Gym at Greenwich, LLC, The Gym at Port Chester Inc. or The Gym at Union Square, LLC . . . at any time between December 27, 2015 and the present."[8] [9] In support of the Motion, Named Plaintiffs have submitted the Cabello Dec., and four additional declarations, two from employees who worked at the Union Square Location and two from employees who worked at the Port Chester Location.[10],[11]

LEGAL ARGUMENT

I. PLAINTIFFS CANNOT MEET THEIR BURDEN OF PROVING THAT ALL OF THE PUTATIVE COLLECTIVE ACTION MEMBERS ARE SIMILARLY SITUATED AND SUBJECT TO A SINGLE DECISION, POLICY OR PLAN THAT VIOLATED THE LAW

To obtain conditional certification, a plaintiff must make a threshold showing that he is "similarly situated" to the proposed collective action members. 29 U.S.C. § 216(b).

---

[6] Comp. ¶¶ 45, 47, 51, 52, 53, 54.
[7] *Id*. ¶¶ 10, 11.
[8] Exhibits E and F of the Declaration of Orit Goldring, Esq. dated June 18, 2019 submitted in support of the Motion ("Goldring Dec.").
[9] Because none of these corporate entities were affiliated with the Connecticut Locations, and none of the named plaintiffs nor opt-in plaintiffs ever worked at those locations, Defendants understand the Motion to only seek a collective action of employees who worked at the Union Square Location and the Port Chester Location, and not for employees who worked at the Connecticut Locations.
[10] *See* Cabello Dec.; the Declaration of Tatiana Mekhryakova dated June 18, 2019 ("Mekhryakova Dec."); the Declaration of Kenneth S. Mahadeo dated June 18, 2019 ("Mahadeo Dec."); the Declaration of Michael Manavian dated June 18, 2019 ("Manavian Dec."); and the Declaration of Sam Wolff dated June 18, 2019 ("Wolff Dec.").
[11] Plaintiff Lantino, notably, did not submit a declaration in support of the Motion.

"[W]hile a plaintiffs burden of proof [at this stage] is low, it is not non-existent—certification is not automatic." *Sanchez v. JMP Ventures, L.L.C.*, 1:13-cv-7264 (KBF), 2014 U.S. Dist. LEXIS 14980, at *3 (S.D.N.Y. Jan. 27, 2014) (quoting *Romero v. H.B. Auto. Grp., Inc.*, No. 1:11-cv-386 (CM), 2012 U.S. Dist. LEXIS 61151, at 10 (S.D.N.Y. May 1, 2012)) (internal quotations omitted). Courts "must . . . take a measured approach when addressing a request for collective action certification, mindful of the potential burdens associated with defending against an FLSA claim involved a large and broadly defined collective group of plaintiffs." *Ikikhueme v. CulinArt, Inc.*, 13 Civ. 293 (JMF), 2013 U.S. Dist. LEXIS 77720, at *5 (S.D.N.Y. June 3, 2013) (quoting *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2007)).

    A.    Plaintiffs Have Failed to Establish That They Are Similarly Situated to All Employees of Defendants.

Plaintiffs, who were employed as personal trainers at the Union Square Location, seek conditional certification of all individuals who worked for The Gym at Greenwich, LLC, The Gym at Port Chester Inc. or The Gym at Union Square, LLC, yet they do not explain the basis for their belief that every single employee was also subjected to the same purported violations of the FLSA.[12] This is fatal.

    1.    The Factual Nexus Between the Named Plaintiffs and the Putative Collective Action Members Has Not Been Established

In the Motion, Plaintiffs do not describe with any detail what their job responsibilities were nor do they describe the job responsibilities of the putative collective action they seek to represent. This is fatal to their request to conditionally certify a collective action of all employees who worked for Defendants at every location.

---

[12] Exs. E and F to the Goldring Dec.

*See Reyes v. Nidaja*, 14 Civ. 9812, 2015 U.S. Dist. LEXIS 101728, at *7 (S.D.N.Y. July 31, 2015) (denying motion for conditional certification where the plaintiff "does not state what work the other [employees] do, or whether it was the same, similar, or related to the work that [Plaintiff] performed"); *Kew Sing Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 565 (S.D.N.Y. 2015) (emphasis in original) (limiting the proposed collective action to only chefs and delivery people and noting that courts in this district require "a modest but *job-specific* factual showing"); *Garcia v. Spectrum of Creations Inc.*, No. 14 Civ. 5298 (GWG) 102 F. Supp. 3d 541, 550 (S.D.N.Y. 2015) (limiting the collective action where the plaintiffs "provide no information . . . about individuals who performed other job functions at defendants' business, and thus we cannot say that there is evidence that plaintiff are similarly situated to all . . . employees."). The reason Plaintiffs have failed to provide information about their duties and the duties of the putative collective action members is simple: they were not similarly situated since their duties drastically varied.

Indeed, the duties and job responsibilities of the opt-in plaintiffs and the Named Plaintiffs varied. Opt-in plaintiffs and Named Plaintiffs, who worked as personal trainers, were responsible for working with clients in one-on-one settings to meet their health and wellness goals.[13] A wide gap exists between these duties and remaining putative collective action members.

For those working at the spa, their duties included massages and facials.[14] For those working as facility maintenance workers, they were responsible for maintaining, repairing and cleaning the entire fitness facility, including the locker rooms, equipment,

---

[13] Malter Dec. ¶¶ 10, 20.
[14] Malter Dec. ¶¶ 13, 22.

and all hard surfaces, and repairing and maintaining, or coordinating with third parties to repair and maintain, all HVAC systems, plumbing systems and gym equipment.[15] Sean Tarr, an opt-in plaintiff who worked as a fitness concierge, acted as a liason between members, trainers, and sales staff to sell and book training sessions.[16] Those who worked as group exercise instructors were responsible for teaching group exercise classes, while those who worked at the front desk were responsible for checking in members and their guests, greeting prospective members, answering phones and assisting with administrative work.[17] Robynn Europe, an opt-in plaintiff who worked as a personal training manager, was responsible for ensuring that there were new personal training sales and that there was quality service with current members, and opt-in plaintiff Edward Gober, who worked as a general manager at the Union Square Location, was responsible for, among other things, managing the club, employees and expenses.[18] Opt-in plaintiff Michael Manavian, who worked as a golf studio manager, and opt-in plaintiff Eric Manning who worked as a golf professional, were responsible for managing and promoting the golf studio, delivering equipment fittings and giving private golf instructions to members.[19]

Other employees who worked at the Union Square Location and the Port Chester Location had vastly different duties than those of the opt-in plaintiffs and the Named Plaintiffs. Employees who worked at the café, for example, were responsible for

---

[15] Malter Dec. ¶ 10.
[16] Malter Dec. ¶ 11.
[17] *Id*. ¶¶ 14, 21, 23.
[18] *Id*. ¶¶ 12, 15.
[19] *Id*. ¶ 24.

operating the member lounge and café and for preparing and cooking all menu items.[20] Employees who worked as membership advisors were responsible for customer service, membership sales, point of sale fitness sales and reselling training packages to existing and past training members.[21]

On top of this, the Motion is unclear on whether the proposed collective action would include employees who worked at the Connecticut Locations. If that is what they seek, Plaintiffs fall particularly short on this since they do not submit any information on anyone who worked at those locations – regardless of position.[22] *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 558 (S.D.N.Y. 2013) (quoting *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013)) (internal quotations omitted) ("Although courts have regularly found named plaintiffs to be similarly situated to employees at locations where they did not work . . . the plaintiffs [must] demonstrate that they were all subject to the same allegedly unlawful policy or practice."); *Apolinar v. R.J. 49 Rest., LLC*, 15-cv-8655 (KBF), 2016 U.S. Dist. LEXIS 65733, at *26-27 (S.D.N.Y. Dec. 5, 2016) (narrowing request for conditional certification to employees at one location because the evidence submitted was limited to that location).

The Motion should accordingly be denied because the Plaintiffs have not and cannot show that their duties were similarly situated to all members of the putative collective action. *See Reyes*, 2015 U.S. Dist. LEXIS 101728, at *7-8.

---

[20] Malter Dec. ¶¶ 16, 25.
[21] *Id.* ¶¶ 18, 26.
[22] *See generally* Cabello Dec.; Mekhryakova Dec.; Mahadeo Dec.; Manavian Dec.; Wolff Dec.

2. Opt-In Plaintiffs' Nonspecific Conversations with Other Employees Are Insufficient to Establish that Plaintiffs are Similarly Situated to All of Defendants' Employees

In support of the Motion, Plaintiffs submit the Cabello Dec., declarations from two personal trainers who worked at the Union Square Location, a golf professional who worked at the Port Chester Location, and a receptionist who worked at the Port Chester Location. Each of these employees assert in their declarations that their paychecks bounced, that Defendants failed to deliver them their paychecks on their regularly-scheduled paydays, and/or that they were not paid for all hours worked.[23]

Some of the declarations, in addition, contain information about nonspecific conversations that these employees had with other employees of Defendants.[24] These conversations, however, are insufficient to establish that <u>all</u> employees who worked for Defendants since December 27, 2015 are similarly situated because they fail to "provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes*, 2015 U.S. Dist. LEXIS 101728, at * 7. The declarations do not include when, where and who the conversations were with, which is fatal to Plaintiffs' argument that they were similarly situated to all other employees who worked at the Union Square Location and the Port Chester Location. *See Cruz v. 70-30 Austin St. Bakery, Inc.*, 18 Civ. 7408 (PAE) (HBP), 2019 U.S. Dist. LEXIS 73666, at *14 (S.D.N.Y. May 1, 2019)

---

[23] Cabello Dec. ¶¶ 3, 5, 6; Mekhryakova Dec. ¶¶ 3, 5, 6; Mahadeo Dec. ¶¶ 3, 4; Manavian Dec. ¶¶ 8, 13, 16; Wolff Dec. ¶¶ 3, 4.
[24] Plaintiffs, in their Motion, detail a considerable number of conversations that Defendants allegedly had with Plaintiffs about potential settlement. Defendants neither admit nor deny the truth of these allegations as they are irrelevant to the instant Motion; they, however, note that Plaintiffs failed to provide that level of detail for the conversations they allegedly had with other employees who worked for Defendants regarding any common policy or practice, which is required in order to establish that they were similarly situated for purposes of conditional certification.

(finding that the affidavit submitted in support of plaintiff's motion for conditional certification was insufficient where the "plaintiff does not describe where or when these discussions took place, what the other employees were paid . . . and offers only the conclusory assertion that the other employees were not paid overtime."); *Mata v. Footbridge LLC*, 14 Civ. 8754 (ER), 2015 U.S. Dist. LEXIS 70550, at *10 (S.D.N.Y. June 1, 2015) (quoting *Sanchez*, 2014 U.S. Dist. LEXIS 14980, at *2)) (internal quotations omitted) (denying motion for conditional certification where the plaintiff did not provide any detail as to his observations and conversations with coworkers, and noting that "where or when these observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process.").

In the Mekryakova Dec., for example, Opt-In Plaintiff Mekryakova, who held a fitness-related position at the Union Square Location, asserts that through conversations she had with co-workers, she knows that her co-workers' paychecks bounced in the summer and fall of 2018, and that many of their paychecks were "routinely late."[25] She, however, does not provide any other details about these alleged conversations, such as when or where the conversations took place, who these coworkers were and what their positions were. Her declaration, accordingly, does not establish that she was similarly situated to <u>all</u> other employees. *See Cruz*, 2019 U.S. Dist. LEXIS 73666, at *14; *Mata*, 2015 U.S. Dist. LEXIS 70550, at *10.

The Cabello Dec. similarly contains only vague and conclusory allegations concerning Named Plaintiff Cabello's conversations with her coworkers. She asserts that

---

[25] Mekryakova Dec. ¶¶ 5, 6(b).

she had "multiple conversations" with a variety of coworkers, but fails to specify when the alleged conversations took place, as well as what she spoke about with her co-workers, or if her conversations with her coworkers had anything to do with any FLSA violations.[26] She further asserts that she heard conversations among her co-workers about "the need to rush to the bank when the checks were late" and "how their checks bounced," and that she heard a personal trainer, Tommy Crocker, confront an owner about bounced paychecks.[27] She, however, again fails to provide any other details about these conversations. The Cabello Dec., accordingly, fails to provide the requisite detail needed to establish that she was similarly situated to <u>all</u> other employees. *See Cruz*, 2019 U.S. Dist. LEXIS 73666, at \*14; *Mata*, 2015 U.S. Dist. LEXIS 70550, at \*10.

Opt-In Plaintiff Michael Manavian, who held a fitness-related position at the Port Chester Location, also provides non-specific assertions about his conversations with other employees in his declaration. For example, he asserts that he and his co-workers "routinely griped about [their] late checks to one another," and he knew that payroll checks bounced "through routine conversations" with a variety of different co-workers.[28] He, however, fails to specify when and where these conversations took place and he does not identify who these other co-workers were. He further identifies a "housekeeping employee" named Darien who allegedly told him that "her payroll checks bounced so many times," but again fails to specify when and where this conversation occurred. His declaration, like the Cabello Dec. and Mekryakova Dec., is insufficient to establish that

---

[26] Cabello Dec. ¶ 7.
[27] *Id*. ¶¶ 7, 8.
[28] Manavian Dec. ¶¶ 8, 10.

he was similarly situated to <u>all</u> other employees. *See Cruz*, 2019 U.S. Dist. LEXIS 73666, at *14; *Mata*, 2015 U.S. Dist. LEXIS 70550, at *10.

Opt-In Plaintiff Sam Wolff asserts that she was a receptionist at the Port Chester Location and that some of her paychecks bounced.[29] She, however, does not assert that any other receptionists or administrative employees were subjected to the same unlawful policies and practices that she asserts she was subjected to.[30]

Accordingly, the Motion must be denied because Plaintiffs have failed to establish that they were similarly situated to <u>all</u> employees at the Union Square Location and Port Chester Location. And assuming Plaintiffs are seeking to include the Connecticut Locations employees, it should certainly be denied in this regard as they did not provide information on any of these individuals. If, however, the Court grants any part of the Motion, it should limit the scope of the collective action to employees who worked as personal trainers, front desk employees, and golf professionals at the Union Square Location and the Port Chester Location.

II. **IF CONDITIONAL CERTIFICATION IS GRANTED, PLAINTIFFS' PROPOSED NOTICE MUST BE MODIFIED**

If the Court grants Plaintiffs' motion for conditional certification, the Notice submitted by Plaintiffs should be modified.

A. The Collective Action Should Be Limited to Employees Who Worked as Personal Trainers, Golf Professionals and Receptionists

The Notice must be revised to narrow the scope of employees who may be a part of the collective action. Plaintiffs, as set forth above, have failed to establish that they were similarly situated to <u>all</u> employees who worked at the Union Square Location and

---

[29] Wolff Dec. ¶¶ 3, 4.
[30] *See generally* Wolff Dec.

-11-

the Port Chester Location, and, therefore, the Notice must be narrowed to include only employees who worked as personal trainers, golf professionals or receptionists at the Union Square Location and the Port Chester Location. *See Cheng XiaWang v. Shun Lee Palace Rest., Inc.*, 17-CV-00840 (VSB), 2018 U.S. Dist. LEXIS 108437, at *17 (S.D.N.Y. June 28, 2018) (limiting the collective action to include only employees who worked as delivery workers and waitstaff and holding that "the Notice of Pendency will need to be narrowed . . . based on my determination that conditional certification is only warranted for employees who work as delivery persons and waitstaff"); *Herrera v. 449 Rest., Inc*, 15-cv-6647-RA-FM, 2016 U.S. Dist. LEXIS 85520, at *20 (S.D.N.Y. June 27, 2016)*.* (limiting the collective action to include only employees who worked as dishwashers or deliveryman and noting that "[t]he proposed notice consequently will require modification to reflect that limitation.").

> B. The Proposed Notice Must Advise Putative Opt-In Plaintiffs of Their Right to Hire Their Own Attorney

The Notice is defective because it fails to adequately advise the putative opt-in plaintiffs that they may retain their own counsel.[31] *See Shajan v. Barolo*, 10 Civ. 1385 (CM), 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010) ("[T]he notice should say that anyone who consents to participate has the right to hire his/her own attorney, at his/her own expense"); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450-451 (S.D.N.Y. 2011) (all "participating plaintiffs may retain their own counsel").

Section 5 of the Notice should, accordingly, be amended to include language providing that putative opt-in plaintiffs may choose their own attorney. The last sentence

---

[31] *See generally* Ex. E to the Goldring Dec.

of Section 6 should also be amended so that it reads "Plaintiffs' attorney or an attorney of your own choosing will assist you with those requirements."

      C.      <u>The Proposed Notice Must Provide Putative Opt-In Plaintiffs With Defense Counsel's Contact Information</u>

The Notice is defective because it does not include Defense counsel's contact information.[32] *See Escano v. N&A Produce & Grocery Corp.*, 14-cv-4239 (PAC), 2015 U.S. Dist. LEXIS 29785, at *6 (S.D.N.Y. Mar. 11, 2015) ("Courts regularly permit inclusion of defense counsel's contact information on such notices"); *Martin v. Sprint/United Mgmt. Co.*, 15 Civ. 5237 (PAE), 2016 U.S. Dist. LEXIS 352, at *55 (S.D.N.Y. Jan. 4, 2016) ("Enclosure of [contact information for defense counsel] is routine, and it, too, should be included in plaintiffs' Notice.").

Accordingly, Defendants respectfully submit that Defendants' counsel's contact information should be added to the last page of the notice.

      D.      <u>The Proposed Notice Fails to Inform Putative Opt-In Plaintiffs of Their Litigation Obligations</u>

The Notice is defective because it fails to inform putative opt-in plaintiffs of their litigation duties, which is necessary in order for them to make an informed decision as to whether they want to join the collective action.[33] Indeed, "putative class members should be told that they may be required to participate in the process known as pre-trial discovery, which may involve answering questions under oath, orally or in writing; they may also be required to testify at trial." *Shajan*, 2010 U.S. Dist. LEXIS 54581, at *1-2. *See also Bah v. Show Mania, Inc.*, 08 Civ. 9380 (LTS) (AJP), 2009 U.S. Dist. LEXIS 40803, at *3-4 (S.D.N.Y. May 13, 2009) (amending notice "to inform the potential

---

[32] *See generally* Ex. E to the Goldring Dec.
[33] *See generally* Ex. E to the Goldring Dec.

plaintiffs that, if they opt in, they *may* be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial."). Defendants, therefore, respectfully submit that the Notice should be amended to include information about putative opt-in plaintiffs' potential litigation obligations if they join the lawsuit.

CONCLUSION

Based on the foregoing, Defendants respectfully submit the Court should not grant Plaintiffs' motion for conditional certification and leave to distribute notice under 29 U.S.C. § 216(b).

Dated: New York, New York
July 10, 2019

                                        Respectfully submitted,
                                        LIPSKY LOWE LLP

                                        <u>s/ Douglas B. Lipsky</u>
                                        Douglas B. Lipsky
                                        Sara Isaacson
                                        630 Third Avenue, Fifth Floor
                                        New York, New York 10017
                                        Phone: 212.392.4772
                                        Fax: 212.444.1030
                                        doug@lipskylowe.com
                                        sara@lipskylowe.com