NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE

This October 3, 2019 NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE (the "Agreement") is made and entered into between Plaintiffs Michael Lantino, Joanne Cabello ("Plaintiffs") and any of the 40 individuals who have filed Consent Forms to opt-in to this action and execute this Agreement below (collectively the "Settling Plaintiffs") and The Gym at Greenwich, LLC, The Gym at Port Chester Inc., The Gym at Union Square, LLC, Seth Hirschel, Stefan Malter and Barnet Liberman ("Defendants") (collectively the "Parties").

WHEREAS, on December 27, 2018, Plaintiffs filed a lawsuit in the U.S. District Court for the Southern District of New York, Index No. 1:18-cv-12247, that asserts Defendants (i) failed to pay them overtime premium pay, violating the Fair Labor Standards Act ("FSLA") and New York Labor Law ("Labor Law"), (ii) failed to pay them their regular wages, violating the FLSA and Labor Law, (iii) failed to timely pay them their wages, violating the FLSA and Labor Law, (iv) failed to provide them with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (v) failed to provide them with the wage statements required under N.Y. Lab. Law § 195.3 (the "Action"); and

WHEREAS, Defendants deny the allegations and claims that Plaintiffs assert in the Action and specifically deny that their conduct was in any way illegal, wrongful or improper; and

WHEREAS, no class action has been certified under Fed. R. Civ. P. 23(a) and (b) and no attorney representing Defendant Clay LLC has filed a Notice of Appearance or otherwise appeared in the Action; and

WHEREAS, The Goldring Firm represents the Settling Plaintiffs ("Plaintiffs' Counsel") and Lipsky Lowe LLP represents the Defendants ("Defense Counsel"); and

WHEREAS, the Parties now wish to amicably resolve the Action.

NOW, THEREFORE, in considering the promises and covenants contained in this Agreement, the Parties hereby agree as follows:

1.     <u>Dismissal of the Action</u>. Plaintiffs agree to dismiss the Action with prejudice. Plaintiffs agree, in that regard, to take all actions necessary to accomplish the dismissal with prejudice of the Action, including filing a motion with the Court seeking its approval of the Agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

2.     <u>Fully-Executed Agreement & Effective Date.</u>

a.     Within 5 calendar days of receiving from Plaintiffs the executed Agreement, Defendants shall provide Plaintiffs the fully-executed Agreement. When providing the executed Agreement, the Settling Plaintiffs shall each provide Defendants with their IRS Form W-4 and Plaintiff's Counsel shall provide their IRS Form W-9.

     b.    This Agreement shall become effective and enforceable once the Parties have executed it and the Court enters its order approving it (the "Effective Date").

     3.    <u>Limited Release of Claims.</u> The Settling Plaintiffs, for the consideration set forth in this Agreement, which they acknowledge is adequate and satisfactory to them, hereby commit as follows.

     Plaintiffs hereby IRREVOCABLY AND UNCONDITIONALLY RELEASE, WAIVE AND FOREVER DISCHARGE Defendants from any and all complaints, charges, causes of action, agreements, promises, liabilities, claims, demands, rights and entitlements of any kind whatsoever, in law or equity, whether known or unknown, asserted or un-asserted, fixed or contingent, apparent or concealed, which Plaintiffs, their heirs, executors, administrators, successors or assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever existing, arising or occurring at any time on or prior to the date they execute this Agreement which would be actionable under the FLSA and/or Labor Law. The released claims, under this paragraph, include all types of relief available for the above referenced theories of relief, including any claims for unpaid wages, minimum wage, unpaid overtime, compensatory damages, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief (the "Released Claims").

     4.    <u>Settlement Payment</u>. In consideration for the limited release in Paragraph 3 and the other promises made in this Agreement, Defendants will pay Settling Plaintiffs and Plaintiffs' Counsel the total, gross amount of $300,000.00 (the "Settlement Payment") as follows:

     a.    Of the $300,000.00, $200,000 shall be issued to the Settling Plaintiffs, each of whom will receive a share of this settlement fund according to a formula that takes into account the amount of each Settling Plaintiff's claim of unpaid wages $100,00.00 shall be issued to Plaintiffs' Counsel, representing the total amount in attorneys' fees and expenses Plaintiffs' Counsel is to be paid under this Agreement and in this Action.

     b.    When counter-executing the Agreement, Defendants shall wire $50,000.00 to Defense Counsel's IOLTA account. Within 10 days of the Court entering its Order approving this Agreement or 10 days of the Effective Date, whichever occurs last, Defense Counsel shall wire that initial $50,000.00 (less applicable withholdings for the parts of the payment the require withholdings in accordance with Schedule B) payment to Plaintiffs Counsel's IOLTA account. On the same day of the wire transfer, Defense counsel shall email Plaintiffs' counsel the withholding statements.

     c.    On the 1st day of each month following the initial $50,000 wire, Defendants shall wire to Plaintiffs' counsel a monthly sum of $8,695.65 (less applicable withholdings for the parts of the payment that require withholdings in accordance with Schedule B) for 23 months. If the 1st day of the month following the initial $50,000 payment falls within 30 days of the $50,000 payment, then the 1st monthly payment will be due on the 1st of the following month (i.e., if the $50,000 payment is wired on October 14, 2019, the 1st monthly payment will be due on December 1, 2019). Defendants shall email Plaintiffs' counsel all of the

applicable withholding statements on the same day of the wire transfer.  On the 1st day of the month following the 23rd monthly payment, Defendants shall wire to Plaintiffs' counsel $50,000 (less applicable withholdings for the parts of the payment that require withholdings in accordance with Schedule B). All payments under this Paragraph shall be wired to Plaintiffs Counsel's IOLTA account. If the 1st of the month falls on a weekend or a Court-recognized holiday, the payment will be due on the next business day. Defendants shall email Plaintiffs' counsel all of the applicable withholding statements on the same day of the wire transfer.

        d.     The Settlement Payment will be distributed to Plaintiffs and Plaintiffs' Counsel in accordance with Schedule B.  Defendants shall withhold payroll taxes from the amount of the settlement fund ($164,771.46) designated as unpaid wages.  Defendants shall email a withholding statement for each applicable Settling Plaintiff to Plaintiffs' Counsel on the same day that they wire each payment.  Defendants shall issue each Settling Plaintiff a W-2 for each calendar year in which the Settling Plaintiff receives payment from the settling fund designated as unpaid wages.

        e.     Defendants shall have the right to accelerate the payment schedule without any penalty.

        f.     Plaintiffs shall be issued an IRS Form 1099 for Plaintiffs' Counsels' Fees. Each Settling Plaintiff shall also be issued IRS 1099 Forms for the amounts of the settlement fund designated for their claimed damages arising out of the Wage Theft Prevention Act and liquidated damages. Plaintiffs shall indemnify Defendants and hold them harmless from and against any and all losses, costs, damages or expenses, including attorneys' fees, interest, assessments, withholding and penalties, arising out of any dispute over the tax treatment of such 1099 payments.

     5.     <u>Default and Consent Judgment.</u>

        a.     Defendants will be in default under the Agreement ("Default") if (i) they fail to make in full any of the Settlement Payments in Paragraph 4 in accordance with the terms of this Agreement or fail to timely provide the withholdings statement and (ii) Defendants have still failed to make any of the required Settlement Payments or provide the withholdings statement within 5 business days of Plaintiffs sending Defendants a Notice of Default (via email is to Defendants' Counsel is sufficient).  Plaintiffs are, however, required to send the Notice of Default only for two untimely payments for every twelve payments made under Paragraph 4. If Defendants have three untimely payments within the first or second twelve payments, Plaintiffs need not send a Notice of Default, Defendants will be considered in Default, and Plaintiffs may proceed with the Consent Judgment process described below in Paragraph 5.c.

        b.     If Defendants are in Default, then Defendants agree to the jurisdiction of the Court entering the Consent Judgment, as set forth in Paragraph 5.b.

        c.     Upon counter-executing this Agreement, Defendants shall provide to Plaintiffs an executed Consent Judgment in the amount of $1,000,000.00 in the form attached hereto as Exhibit A. Plaintiffs' Counsel may enter the Consent Judgment, without further notice,

against Defendants if they are in Default (as defined in Paragraph 5.a.). Plaintiffs' Counsel shall hold the Consent Judgment in escrow and will destroy it if and when Defendants fulfill their obligations under Paragraph 4.

6.    <u>No Pending Claims or Charges</u>.    Settling Plaintiffs represent and warrant that, besides the Action, they have no FLSA or New York or Connecticut Labor Law claim, charge or complaint against Defendants arising out of or relating to his or her employment with Defendants or his separation from Defendants before any federal, state or local court or agency. To the extent Plaintiffs have filed a charge relating to FLSA or Labor Law claims with any federal, state or local court or agency, besides the Action, they will do everything in their ability to withdraw that claim or charge with prejudice prior to signing this Agreement and provide proof of this when providing the executed Agreement.

7.    <u>No other Plaintiffs</u>. Plaintiffs' Counsel represents that exclusive of the Settling Plaintiffs she does not represent any individual who is contemplating filing a lawsuit or administrative charge against Defendants, nor does Counsel represent any individual who has signed a Consent to Sue form against Defendants that was never filed in Court.

8.    <u>Court Approval and Non-Confidentiality of the Agreement</u>.

a.    The Agreement's validity and enforceability is subject to the Court's approval. Accordingly, if for any reason the Court does not approve this Agreement, this Agreement shall be null and void and the Parties will return to the *status quo ante* prior to entering into this Agreement with respect to the Action, as if the Parties had never entered into this Agreement. In such event, the Agreement and all negotiations shall be without prejudice to the rights of any and all Parties to this Agreement, and any evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or otherwise. If the Court refuses to approve the Agreement, the Parties agree to work in good faith to resolve any issues the Court raises with the Agreement.

b.    The Parties understand and acknowledge that this Agreement will be publicly filed on PACER and its terms are therefore not confidential.

9.    <u>No Admission.</u> Nothing contained in this Agreement, nor its consummation, nor any payments made under it, may be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Defendants specifically deny any liability and retain any and all defenses to the claims and any other claims arising under or related to any of the allegations in the Action if the Court does not approve the Agreement in its entirety.

10.    <u>Drafting.</u> Each Party acknowledges that they have cooperated fully in drafting and preparing this Agreement, and hence no rule of construction may be used to construe this Agreement against any Party by virtue of that Party's role in drafting this Agreement.

11.    <u>Modification.</u> This Agreement may not be changed orally, and no modification, amendment or waiver of any provision contained in this Agreement, or any future representation,

promise or condition in connection with the subject matter of this Agreement, shall be binding upon any party hereto unless made in writing and signed by all Parties.

12.   <u>Integrated Document.</u> This Agreement contains the entire agreement and complete settlement by and among the Parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral, regarding the claims being released in this Agreement. All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. This is an integrated document.

13.   <u>Severability.</u> The provisions of this Agreement are severable, and if any part of it is found to be unlawful or unenforceable, the other provisions of this Agreement shall remain fully valid and enforceable to the maximum extent consistent with applicable law, except that if Paragraph 3 is invalidated, this Agreement shall be null and void.

14.   <u>Governing Law and Prevailing Party.</u> This Agreement is made and entered into, and shall be subject to, governed by, and interpreted in accordance with the laws of State of New York and shall be fully enforceable in the state or federal courts of that state, without regard to conflicts of law principles. The Parties also consent to the service of process, pleadings, notices or other papers by any method of service approved by the state and/or federal courts in New York. The prevailing party in seeking to enforce the terms of this Agreement, including post-judgment discovery, shall be entitled to its reasonable attorneys' fees and expenses.

15.   <u>Non-assignment.</u> Neither this Agreement nor any portion hereof is assignable. The Parties represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands or causes of action being released herein, and agree that no such assignment or transfer may occur without a written consent executed by the Parties, and any attempt to do so shall be void.

16.   <u>Notices.</u> Any notices or documents that are contemplated under this Agreement should be directed to the Parties' respective counsel:

Orit Goldring                              Douglas Lipsky
THE GOLDRING FIRM                          LIPSKY LOWE LLP
845 Third Avenue, 6th Floor                420 Lexington Avenue, Suite 1830
New York, New York 10022                   New York, New York 10170
Tel: 212.844.9308                          Tel: 212.392.4772
ogolddring@goldringfirm.com                doug@lipskylowe.com
*Plaintiffs' Counsel*                      *Defendants' Counsel*

17.   <u>Authority and Capacity to Bind.</u> By signing this Agreement, each party represents that they are competent to do so, have the authority to be bound under this Agreement, and intend to be bound by its terms.

18.     <u>Copies and Facsimile Signatures.</u> This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the same effect as a signed original.  Counterparts transmitted by email or fax may be used in lieu of the originals for any purpose.

19.     <u>Reservation of Jurisdiction.</u> Notwithstanding the dismissal of this Action and, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Agreement, and for entering the Consent Judgment set forth in paragraph 5 above.

[AGREEMENT CONTINUES ON NEXT PAGE]

20.   Voluntary and Knowing Agreement. Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

| | |
|---|---|
| _Kayla C. Calderes_ | _____ |
| Calderas, Keyla | Best, Katherine |
| Date: 10/15/2019 | Date: _____ |
| _____ | _____ |
| Aquino, Carol | Strati, Bonnie |
| Date: _____ | Date: _____ |
| _____ | _____ |
| Rivera, David | Gilbert, Alison |
| Date: _____ | Date: _____ |
| _____ | _____ |
| Pitofsky, Lee | Europe, Robynn |
| Date: _____ | Date: _____ |
| _____ | _____ |
| Reynolds, Steve | Gaydorus, Brandon |
| Date: _____ | Date: _____ |
| _____ | _____ |
| Lantino, Michael | Cornier, Luis |
| Date: _____ | Date: _____ |
| _____ | _____ |
| Mekhryakova, Tatiana | Dublin, Edwin |

20.   Voluntary and Knowing Agreement. Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

Calderas, Keyla

Date: _____

Aquino, Carol

Date: 10/17/19

Rivera, David

Date: _____

Pitofsky, Lee

Date: _____

Reynolds, Steve

Date: _____

Lantino, Michael

Date: _____

Mekhryakova, Tatiana

Date: _____

Best, Katherine

Date: _____

Strati, Bonnie

Date: _____

Gilbert, Alison

Date: _____

Europe, Robynn

Date: _____

Gaydorus, Brandon

Date: _____

Cornier, Luis

Date: _____

Dublin, Edwin

Date: _____

voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

Calderas, Keyla

Date: _____

Best, Katherine

Date: _____

Aquino, Carol

Date: _____

Strati, Bonnie

Date: _____

Rivera, David

Date: 10/11/2018

Gilbert, Alison

Date: _____

Pitofsky, Lee

Date: _____

Europe, Robynn

Date: _____

Reynolds, Steve

Date: _____

Gaydorus, Brandon

Date: _____

Lantino, Michael

Date: _____

Cornier, Luis

Date: _____

Mekhryakova, Tatiana

Date: _____

Dublin, Edwin

Date: _____

20.  Voluntary and Knowing Agreement. Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

| | |
|---|---|
| Calderas, Keyla | Best, Katherine |
| Date: _____ | Date: _____ |
| Aquino, Carol | Strati, Bonnie |
| Date: _____ | Date: _____ |
| Rivera, David | Gilbert, Alison |
| Date: _____ | Date: _____ |
| Pitofsky, Lee | Europe, Robynn |
| Date: 10 8 19 | Date: _____ |
| Reynolds, Steve | Gaydorus, Brandon |
| Date: _____ | Date: _____ |
| Lantino, Michael | Cornier, Luis |
| Date: _____ | Date: _____ |
| Mekhryakova, Tatiana | Dublin, Edwin |

20.    **Voluntary and Knowing Agreement.** Plaintiff acknowledge that they voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

| | |
|---|---|
| Calderas, Keyla | Best, Katherine |
| Date: | Date: |
| Aquino, Carol | Strati, Bonnie |
| Date: | Date: |
| Rivera, David | Gilbert, Alison |
| Date: | Date: |
| Pitofsky, Lee | Europe, Robynn |
| Date: | Date: |
| | Gaydorus, Brandon |
| Reynolds, Steve | Date: |
| Date: 10/7/19 | |
| Lantino, Michael | Cornier, Luis |
| Date: | Date: |
| Mekhryakova, Tatiana | Dublin, Edwin |
| Date: | Date: |

20.     Voluntary and Knowing Agreement. Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

---

Calderas, Keyla

Date: _____

---

Best, Katherine

Date: _____

---

Aquino, Carol

Date: _____

---

Strati, Bonnie

Date: _____

---

Rivera, David

Date: _____

---

Gilbert, Alison

Date: _____

---

Pitofsky, Lee

Date: _____

---

Europe, Robynn

Date: _____

---

Reynolds, Steve

Date: _____

---

Gaydorus, Brandon

Date: _____

---

Lantino, Michael

Date: **10/11/19**

---

Cornier, Luis

Date: _____

---

Mekhryakova, Tatiana

Date: _____

---

Dublin, Edwin

Date: _____

20.    Voluntary and Knowing Agreement. Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

| | |
|---|---|
| Calderas, Keyla | Best, Katherine |
| Date: | Date: |
| Aquino, Carol | Strati, Bonnie |
| Date: | Date: |
| Rivera, David | Gilbert, Alison |
| Date: | Date: |
| Pitofsky, Lee | Europe, Robynn |
| Date: | Date: |
| Reynolds, Steve | Gaydorus, Brandon |
| Date: | Date: |
| Lantino, Michael | Cornier, Luis |
| Date: | Date: |
| Mekhryakova, Tatiana | Dublin, Edwin |
| Date:   10/13/2019 | Date: |

20.     Voluntary and Knowing Agreement. Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

_____
Calderas, Keyla

Date: _____

_____
Aquino, Carol

Date: _____

_____
Rivera, David

Date: _____

_____
Pitofsky, Lee

Date: _____

_____

Reynolds, Steve

Date: _____

_____
Lantino, Michael

Date: _____

_____
Mekhryakova, Tatiana

Date: _____

_____
Best, Katherine

Date: _October 15, 2019_____

_____
Strati, Bonnie

Date: _____

_____
Gilbert, Alison

Date: _____

_____
Europe, Robynn

Date: _____

_____
Gaydorus, Brandon

Date: _____

_____
Cornier, Luis

Date: _____

_____
Dublin, Edwin

Date: _____

20.   Voluntary and Knowing Agreement. Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

| | |
|---|---|
| Calderas, Keyla | Best, Katherine |
| Date: | Date: 10 / 16 / 19 |
| | Bonnie Strati |
| Aquino, Carol | Strati, Bonnie |
| Date: | Date: |
| Rivera, David | Gilbert, Alison |
| Date: | Date: |
| Pitofsky, Lee | Europe, Robynn |
| Date: | Date: |
| | Gaydorus, Brandon |
| Reynolds, Steve | Date: |
| Date: | |
| | Cornier, Luis |
| Lantino, Michael | Date: |
| Date: | |
| Mekhryakova, Tatiana | Dublin, Edwin |
| Date: | Date: |

20.   Voluntary and Knowing Agreement. Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

| | |
|---|---|
| Calderas, Keyla | Best, Katherine |
| Date: | Date: |
| Aquino, Carol | Strati, Bonnie |
| Date: | Date: 10\|15\|19 |
| Rivera, David | Gilbert, Alison |
| Date: | Date: |
| Pitofsky, Lee | Europe, Robynn |
| Date: | Date: |
| | Gaydorus, Brandon |
| Reynolds, Steve | Date: |
| Date: | |
| | Cornier, Luis |
| Lantino, Michael | Date: |
| Date: | |
| | Dublin, Edwin |
| Mekhryakova, Tatiana | Date: |
| Date: | |

20.     Voluntary and Knowing Agreement. Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

_____
Calderas, Keyla

Date: _____

_____
Aquino, Carol

Date: _____

_____
Rivera, David

Date: _____

_____
Pitofsky, Lee

Date: _____

_____

Reynolds, Steve

Date: _____

_____
Lantino, Michael

Date: _____

_____
Mekhryakova, Tatiana

_____
Best, Katherine

Date: _____

_____
Strati, Bonnie

Date: _____

_____
Gilbert, Alison

Date: _____
      Robynn Europe
_____
Europe, Robynn
          10/11/19
Date: _____

_____
Gaydorus, Brandon

Date: _____

_____
Cornier, Luis

Date: _____

_____
Dublin, Edwin

20.   Voluntary and Knowing Agreement. Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

Calderas, Keyla  
Date:

Best, Katherine  
Date:

Aquino, Carol  
Date:

Strati, Bonnie  
Date:

Rivera, David  
Date:

Gilbert, Alison  
Date:

Pitofsky, Lee  
Date:

Europe, Robynn  
Date:  
_Bonden Geydory_  
Gaydorus, Brandon  
Date: 10-12-2019

Reynolds, Steve  
Date:

Cocoser, Luis  
Date:

Lantimo, Michael  
Date:

Mekhryakova, Tatiana  
Date:

Dublin, Edwin  
Date:

20. **Voluntary and Knowing Agreement.** Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

| | |
|---|---|
| Calderas, Keyla | Best, Katherine |
| Date: _____ | Date: _____ |
| Aquino, Carol | Strati, Bonnie |
| Date: _____ | Date: _____ |
| Rivera, David | Gilbert, Alison |
| Date: _____ | Date: _____ |
| Pitofsky, Lee | Europe, Robynn |
| Date: _____ | Date: _____ |
| | Gaydorus, Brandon |
| Reynolds, Steve | Date: _____ |
| Date: _____ | Cormier, Luis |
| Lantino, Michael | Date: 10 - 17 - 19 |
| Date: _____ | |
| Mekhryakova, Tatiana | Dublin, Edwin |
| Date: _____ | Date: _____ |

20.     Voluntary and Knowing Agreement. Settling Plaintiffs acknowledge that they have voluntarily executed this Agreement and are advised to obtain the advice of any attorney or other representative of his choice, unrelated to Defendants, prior to executing this Agreement. Settling Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Settling Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

| | |
|---|---|
| Calderas, Keyla | Best, Katherine |
| Date: _____ | Date: _____ |
| Aquino, Carol | Strati, Bonnie |
| Date: _____ | Date: _____ |
| Rivera, David | Gilbert, Alison |
| Date: _____ | Date: _____ |
| Pitofsky, Lee | Europe, Robynn |
| Date: _____ | Date: _____ |
| | Gaydorus, Brandon |
| Reynolds, Steve | Date: _____ |
| Date: _____ | |
| | Cornier, Luis |
| Lantino, Michael | Date: _____ |
| Date: _____ | |
| | Dublin, Edwin |
| Mekhryakova, Tatiana | Date: 10/13/19 |
| Date: _____ | |

_[signature]_
Volterra, Giulia

Date: 10/21/2019

Mosquera, Roberto

Date: _____

Laurs, Peter

Date: _____

Manavian, Michael

Date: _____

Factor, Cindy

Date: _____

Wolff, Sam

Date: _____

Noguet, Pedro

Date: _____

Cabello, Joanne

Date: _____

Gober, Edward

Date: _____

Elliot, Koreen

Date: _____

Lateef, Abdul

Date: _____

Otto, Harry

Date: _____

Manning, Erie

Date: _____

Robles, Thomas

Lambert, Andre

Date: _____

Mohamed, Dawud

Date: _____

Berman, Cheryl

Date: _____

Mohamed, David

O'gun, Egon

Date: _____

Volterra, Giulia

Date: _____

Mosquera, Roberto

Date: 10 / 20 / 2019

Laura, Peter

Date: _____

Manavian, Michael

Date: _____

Factor, Cindy

Date: _____

Wolff, Sam

Date: _____

Noguet, Pedro

Date: _____

Cabello, Joanne

Date: _____

Gober, Edward

Date: _____

Elliot, Koreen

Date: _____

Lateef, Abdul

Date: _____

Otto, Harry

Date: _____

Manning, Eric

Date: _____

Robles, Thomas

Lambert, Andre

Date: _____

Mohamed, Dawud

Date: _____

Berman, Cheryl

Date: _____

Mohamed, David

O'gun, Egon

Date: _____

Date: _____

Date: _____

Volterra, Giulia

Elliot, Koreen

Date: _____

Date: _____

Mosquera, Roberto

Lateef, Abdul

Date: _____

Date: _____

Laura, Peter

Otto, Harry

Date: 10/10/19

Date: _____

Manavian, Michael

Manning, Eric

Date: _____

Date: _____

Factor, Cindy

Robles, Thomas

Date: _____

Lambert, Andre

Wolff, Sam

Date: _____

Date: _____

Mohamed, Dawud

Noguet, Pedro

Date: _____

Date: _____

Berman, Cheryl

Cabello, Joanne

Date: _____

Date: _____

Mohamed, David

Gober, Edward

O'gun, Egon

Date: _____

Volterra, Giulia

Date: _____

Mosquera, Roberto

Date: _____

Laura, Peter

Date: _____

Manavian, Michael

Date: October 7th, 2019 _____

Factor, Cindy

Date: _____

Wolff, Sam

Date: _____

Noguet, Pedro

Date: _____

Cabello, Joanne

Date: _____

Gober, Edward

Date: _____

Elliot, Koreen

Date: _____

Lateef, Abdul

Date: _____

Otto, Harry

Date: _____

Manning, Eric

Date: _____

Robles, Thomas

Lambert, Andre

Date: _____

Mohamed, Dawud

Date: _____

Berman, Cheryl

Date: _____

Mohamed, David

O'gun, Egon

Date: _____

Date: _____ 

Volterra, Giulia

Date: _____

Mosquera, Roberto

Date: _____

Laura, Peter

Date: _____

Manavian, Michael

Date: __10.7.19__

Cindy Sachs

Factor, Cindy

Date: _____

Wolff, Sam

Date: _____

Noguet, Pedro

Date: _____

Cabello, Joanne

Date: _____

Gober, Edward

Date: _____

Date: _____

Elliot, Koreen

Date: _____

Lateef, Abdul

Date: _____

Otto, Harry

Date: _____

Manning, Eric

Date: _____

Robles, Thomas

Lambert, Andre

Date: _____

Mohamed, Dawud

Date: _____

Berman, Cheryl

Date: _____

Mohamed, David

O'gun, Egon

Date: _____

Date: _____

_____
Volterra, Giulia

_____
Elliot, Koreen

Date: _____

Date: _____

_____
Mosquera, Roberto

_____
Lateef, Abdul

Date: _____

Date: _____

_____
Laura, Peter

_____
Otto, Harry

Date: _____

Date: _____

_____
Manavian, Michael

_____
Manning, Eric

Date: _____

Date: _____

_____
Factor, Cindy

_____
Robles, Thomas

Date: 10/16/19

_____
Lambert, Andre

_____
Wolff, Sam

Date: _____

Date: _____

_____
Mohamed, Dawud

_____
Noguet, Pedro

Date: _____

Date: _____

_____
Berman, Cheryl

_____
Cabello, Joanne

Date: _____

Date: _____

_____
Mohamed, David

_____
Gober, Edward

_____
O'gun, Egon

Date: _____

Date: _____

Date: _____

Volterra, Giulia

Elliot, Koreen

Date: _____

Date: _____

Mosquera, Roberto

Lateef, Abdul

Date: _____

Date: _____

Laura, Peter

Otto, Harry

Date: _____

Date: _____

Manavian, Michael

Manning, Eric

Date: _____

Date: _____

Factor, Cindy

Robles, Thomas

Date: _____

Lambert, Andre

Wolff, Sam

Date: _____

Date: _____

Mohamed, Dawud

Noguer, Pedro

Date: _____

Date: _10/10/2019_

Berman, Cheryl

Cabello, Joanne

Date: _____

Date: _____

Mohamed, David

Gober, Edward

O'gun, Egon

Date: _____

Volterra, Giulia

Date: _____

Elliot, Koreen

Date: _____

Mosquera, Roberto

Date: _____

Lateef, Abdul

Date: _____

Laura, Peter

Date: _____

Otto, Harry

Date: _____

Manavian, Michael

Date: _____

Manning, Eric

Date: _____

Factor, Cindy

Date: _____

Robles, Thomas

Wolff, Sam

Date: _____

Lambert, Andre

Date: _____

Noguet, Pedro

Date: _____

Mohamed, Dawud

Date: _____

_Joanne Cabello_

Cabello, Joanne

Date: _____   10/18/2019

Berman, Cheryl

Date: _____

Mohamed, David

Gober, Edward

Date: _____

O'gun, Egon

Date: _____

Date: _____

Volterra, Giulia

Date: _____

Mosquera, Roberto

Date: _____

Laura, Peter

Date: _____

Manavian, Michael

Date: _____

Factor, Cindy

Date: _____

Wolff, Sam

Date: _____

Noguet, Pedro

Date: _____

Cabello, Joanne

Date: _____

*Edward Gober*

Gober, Edward

Date: 10/13/19

Date: _____

Elliot, Koreen

Date: _____

Lateef, Abdul

Date: _____

Otto, Harry

Date: _____

Manning, Eric

Date: _____

Robles, Thomas

Lambert, Andre

Date: _____

Mohamed, Dawud

Date: _____

Berman, Cheryl

Date: _____

Mohamed, David

O'gun, Egon

Date: 10/9/2019

_____
Elliott Koreen

ia

Date: _____

)erto

Lateef, Abdul

Date: _____

Otto, Harry

Date: _____

chael

Manning, Eric

Date: _____

Robles, Thomas

Lambert, Andre

Date: _____

Mohamed, Dawud

Date: _____

Berman, Cheryl

Volterra, Cecilia

Date: _____

Mosquera, Roberto

Date: _____

Laura, Peter

Date: _____

Manavian, Michael

Date: _____

Factor, Cindy

Date: _____

Wolff, Sam

Date: _____

Noguet, Pedro

Date: _____

Cabello, Joanne

Date: _____

Gober, Edward

Date: _____

Elliot, Koreen

Date: _____

Lateef, Areef

Date: _____

Otto, Harry

Date: _____

Manning, Eric

Date: _____

Robles, Thomas

Lambert, Andre

Date: _____

Mohamed, Dawud

Date: _____

Berman, Cheryl

Date: _____

Mohamed, David

O'gul, Egon

Date: _____

Volterra, Giulia

Date: _____

Elliot, Koreen

Date: _____

Mosquera, Roberto

Date: _____

Lateef, Abdul

Date: _____

Otto, Harry

Date: ___10/7/2019___

Laura, Peter

Date: _____

Manavian, Michael

Date: _____

Manning, Eric

Date: _____

Factor, Cindy

Date: _____

Robles, Thomas

Lambert, Andre

Date: _____

Wolff, Sam

Date: _____

Mohamed, Dawud

Date: _____

Noguet, Pedro

Date: _____

Berman, Cheryl

Date: _____

Cabello, Joanne

Date: _____

Mohamed, David

Gober, Edward

Date: _____

O'gun, Egon

Date: _____

Volterra, Giulia

Date: _____

Mosquera, Roberto

Date: _____

Laura, Peter

Date: _____

Manavian, Michael

Date: _____

Factor, Cindy

Date: _____

Wolff, Sam

Date: _____

Noguet, Pedro

Date: _____

Cabello, Joanne

Date: _____

Gober, Edward

Date: _____

_____

Elliot, Koreen

Date: _____

Lateef, Abdul

Date: _____

Otto, Harry

Date: _____

Manning, Eric

Date: 10|12|19

Robles, Thomas

Lambert, Andre

Date: _____

Mohamed, Dawud

Date: _____

Berman, Cheryl

Date: _____

Mohamed, David

O'gun, Egon

Date: _____

_____

Volterra, Giulia

Date: _____

Mosquera, Roberto

Date: _____

Laura, Peter

Date: _____

Manavian, Michael

Date: _____

Factor, Cindy

Date: _____

Wolff, Sam

Date: _____

Noguet, Pedro

Date: _____

Cabello, Joanne

Date: _____

Gober, Edward

Date: _____

Elliot, Koreen

Date: _____

Lateef, Abdul

Date: _____

Otto, Harry

Date: _____

Manning, Eric

Date: 10/28/2019

Robles, Thomas

Lambert, Andre

Date: _____

Mohamed, Dawud

Date: _____

Berman, Cheryl

Date: _____

Mohamed, David

O'gun, Egon

Date: _____

Date: _____

_____

_____
____ Gober, Edward

Date: _____

_____

_____
___

_____
____ Elliot, Koreen

Date: _____

_____

_____
____ Lateef, Abdul

Date: _____

_____

_____
____ Otto, Harry

Date: _____

_____

_____
____ Manning, Eric

Date: _____

_____

_____
____ Robles, Thomas

_Andrelambert_
_____ Lambert, Andre

Date:10/25/2019_____

_____

_____
____ Mohamed, Dawud

Date: _____

_____

_____
____ Berman, Cheryl

Date: _____

_____

_____
____ Mohamed, David

_____
____ O'gun, Egon

Date: _____

_____

_____
___
    Cervantes,
    Dorian

Date: _____

_____

_____
____ Coles, Rhiannon

Date: _____

Date: _____          Date: _____

_____                _____
Volterra, Giulia                        Elliot, Koreen

Date: _____          Date: _____

_____                _____
Mosquera, Roberto                       Lateef, Abdul

Date: _____          Date: _____

_____                _____
Laura, Peter                            Otto, Harry

Date: _____          Date: _____

_____                _____
Manavian, Michael                       Manning, Eric

Date: _____          Date: _____

_____                _____
Factor, Cindy                           Robles, Thomas

Date: _____          _____
                                        Lambert, Andre
_____
Wolff, Sam                              Date: _____

Date: _____          _____
                                        Mohamed, Dawud
_____
Noguet, Pedro                           Date: 6/11/19

Date: _____          _____
                                        Berman, Cheryl
_____
Cabello, Joanne                         Date: _____

Date: _____          _____
                                        Mohamed, David
_____
Gober, Edward                           _____
                                        O'gun, Egon
Date: _____

-8-

Date: _____          Date: _____

Volterra, Giulia                       Elliot, Koreen

Date: _____          Date: _____

Mosquera, Roberto                      Lateef, Abdul

Date: _____          Date: _____

Laura, Peter                           Otto, Harry

Date: _____          Date: _____

Manavian, Michael                      Manning, Eric

Date: _____          Date: _____

Factor, Cindy                          Robles, Thomas

Date: _____          Lambert, Andre

Wolff, Sam                             Date: _____

Date: _____          Mohamed, Dawud

Noguet, Pedro                          Date: _____October 16, 2019_____

Date: _____          _____
                                       Berman, Cheryl

Cabello, Joanne                        Date: _____

Date: _____          Mohamed, David

Gober, Edward                          O'gun, Egon

Date: _____

-8-

Cervantes, Dorian

Date: _____ 10/16/19

Coles, Rhiannon

Date: _____

Rogers, Casey

Date: _____

Osborne, Elisa

Date: _____

Tarr, Sean

Date: _____

MacDuffie, Noel

Date: _____

Baseman, Mitch

Date: _____

Ng, Matt

Date: _____

Mahedeo, Kenny

Date: _____

Date: _____

_____
Cervantes, Dorian

Tarr, Sean

Date: _____

Date: _____

_Rhiannon H. Coles_
Coles, Rhiannon

_____
MacDuffie, Noel

Date: 10/17/19 .

Date: _____

_____
Rogers, Casey

_____
Baseman, Mitch

Date: _____

Date: _____

_____
Osborne, Elisa

_____
Ng, Matt

Date: _____

Date: _____

_____
Mahedeo, Kenny

Date: _____

Cervantes, Dorian

Date: _____

_____
Coles, Rhiannon

Date: _____

_____
Rogers, Casey

Date: 10/13/19 _____

_____
Osborne, Elisa

Date: _____

Tarr, Sean

Date: _____

_____
MacDuffie, Noel

Date: _____

_____
Baseman, Mitch

Date: _____

_____
Ng, Matt

Date: _____

_____
Mahedeo, Kenny

Date: _____

Cervantes, Dorian

Date: _____

_____
Coles, Rhiannon

Date: _____

_____
Rogers, Casey

Date: _____

_____
Osborne, Elisa

Date: __28.10.19_____

Tarr, Sean

Date: _____

_____
MacDuffie, Noel

Date: _____

_____
Baseman, Mitch

Date: _____

_____
Ng, Matt

Date: _____

_____
Mahedeo, Kenny

Date: _____

Cervantes, Dorian

Date: _____

Coles, Rhiannon

Date: _____

Rogers, Casey

Date: _____

Osborne, Elisa

Date: _____

Tarr, Sean

Date: __**10/7/19**__

MacDuffie, Noel

Date: _____

Baseman, Mitch

Date: _____

Ng, Matt

Date: _____

Mahedeo, Kenny

Date: _____

Cervantes, Dorian

Date: _____

_____

Coles, Rhiannon

Date: _____

_____

Rogers, Casey

Date: _____

_____

Osborne, Elisa

Date: _____

Tarr, Sean

Date: _____

_____

MacDuffie, Noel

Date: 10/13/19 _____

_____

Baseman, Mitch

Date: _____

_____

Ng, Matt

Date: _____

_____

Mahedeo, Kenny

Date: _____

Cervantes, Dorian

Date: _____

Coles, Rhiannon

Date: _____

Rogers, Casey

Date: _____

Osborne, Elisa

Date: _____

Tarr, Sean

Date: _____

MacDuffie, Noel

Date: _____

Baseman, Mitch

Date: _____

Ng, Matt

Date: _____

Mahedeo, Kenny

Date: _____

Cervantes, Dorian

Date: _____

Coles, Rhiannon

Date: _____

Rogers, Casey

Date: _____

Osborne, Elisa

Date: _____

Tarr, Sean

Date: _____

MacDuffie, Noel

Date: _____

Baseman, Mitch

Date: _____

Ng, Matt

Date: 10/16/2019

Cervantes, Dorian

Date: _____

Tarr, Sean

Date: _____

Coles, Rhiannon

Date: _____

MacDuffie, Noel

Date: _____

Rogers, Casey

Date: _____

Baseman, Mitch

Date: _____

Osborne, Elisa

Date: _____

Ng, Matt

Date: _____

_Kenneth Mahadeo_

Mahedeo, Kenny

Date: 10/17/19

_____
Seth Hirschel (In his Individual Capacity)

Dated: _____, 2019

_____
Stefan Malter (In his Individual Capacity)

Dated: _____, 2019

_____
Barnet Liberman (In his Individual Capacity)

Dated: _November 5_, 2019

THE GYM AT GREENWICH, LLC, THE GYM AT PORT CHESTER INC., THE GYM AT
UNION SQUARE, LLC

_____
By: Seth Hirschel

Dated: _____, 2019

-10-

_____
Seth Hirschel (In his Individual Capacity)

Dated: _____, 2019


_____
Stefan Malter (In his Individual Capacity)

Dated: _____, 2019


_____
Barnet Liberman (In his Individual Capacity)

Dated: _____, 2019


THE GYM AT GREENWICH, LLC, THE GYM AT PORT CHESTER INC., THE GYM AT
UNION SQUARE, LLC

_____
By: Seth Hirschel

Dated: _____, 2019

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL LANTINO, JOANNE CABELLO on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>v.<br><br>CLAY LLC, THE GYM AT GREENWICH, LLC, THE GYM AT PORT CHESTER INC., THE GYM AT UNION SQUARE, LLC, SETH HIRSCHEL, STEFAN MALTER, and BARNET LIBERMAN,<br><br>           Defendants. | No.: 1:18-cv-12247 (SDA) |

## CONSENT JUDGMENT

WHEREAS, Plaintiffs Michael Lantino and Joanne Cabello ("Plaintiffs") filed the December 27, 2018 Complaint against Clay LLC, The Gym at Greenwich, LLC, The Gym at Port Chester Inc., The Gym at Union Square, LLC, Seth Hirschel, Stefan Malter and Barnet Liberman ("Defendants") (the "Complaint"), which seeks damages against Defendants alleging Defendants (i) failed to pay them overtime premium pay, violating the Fair Labor Standards Act and New York Labor Law, (ii) failed to pay them their regular wages, violating the FLSA and Labor Law, (iii) failed to timely pay them their wages, violating the FLSA and Labor Law, (iv) failed to provide him with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (v) failed to provide him with the wage statements required under N.Y. Lab. Law § 195.3.

WHEREAS, Plaintiffs and Defendants (collectively "Parties") agreed to resolve their claims after settlement negotiations and a Court-facilitated settlement conference and entered into a Settlement Agreement on October 3 , 2019 (the "Agreement");

WHEREAS, the Parties agreed in the Agreement that Defendants shall make 25 payments to Plaintiffs and The Goldring Firm ("Plaintiffs' Counsel"), totaling $300,000.00 (the "Settlement Payment");

WHEREAS, the Parties agreed to Defendants entering into this Consent Judgment to provide relief to Plaintiffs for breaching the terms of the Agreement;

WHEREAS, Defendants have failed after written notice to comply with the terms of the Agreement and are in "Default" under the Agreement;

WHEREAS, Defendants have consented to entry of this Consent Judgment without trial or adjudication of any issue of fact or law and to waive any appeal if the Consent Judgment is entered as submitted by the Parties;

WHEREAS, Plaintiffs' intent in effecting this settlement is to remediate harms resulted from Defendants' unlawful conduct, as alleged in the Complaint, and Defendants breaching the Agreement;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon Defendants' consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is therefore ORDERED, ADJUDGED, AND DECREED:

1.     JURISDICTION. This Court has jurisdiction over this subject matter of this action under 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1332 and 1367. The Complaint states a claim upon which relief may be granted against Defendants.

2.     FINANCIAL TERMS.

a.     To date, Defendants have paid $_____ of the Settlement Payment. Defendants and their affiliated entities accordingly shall pay to Plaintiffs and Plaintiffs' Counsel the total sum of $_____, which is $1,000,000.00 less any and all payments Defendants already made to Plaintiffs and their counsel under the Agreement. Defendants shall make payment no later than 7 calendar days after the Effective Date of this Consent Judgment.

b.     Defendants shall be jointly and severally liable to pay the payment set forth in Paragraph 2.a.

3.     OTHER TERMS.

a.     This Court retains jurisdiction for the duration of this Consent Judgment to enforce its terms. The Parties may jointly seek to modify the terms of this Consent Judgment, subject to the approval of this Court. This Consent Judgment may be modified only by Court order.

b.     The Effective Date of this Consent Judgment shall be the date on which the Court enters the Consent Judgment.

c.     This Consent Judgment shall remain in full force and effect until Defendants complete their obligations under the Consent Judgment, at which time the Consent Judgment shall expire.

AGREED TO AS TO FORM AND CONTENT:

THE GYM AT GREENWICH, LLC, THE
GYM AT PORT CHESTER INC., THE
GYM AT UNION SQUARE, LLC

Date: _____
    September ___, 2019        By: _____
                                 Seth Hirschel

Date: _____
    September ___, 2019        By: _____
                                 Seth Hirschell (Individually)

Date: _____
    September ___, 2019        By: _____
                                 Stefan Malter (Individually)

Date: _____
    September ___, 2019        By: _____
                                 Barnett Liberman (Individually)

SO ORDERED:

Dated: New York, New York

    _____

_____
The Honorable Steward D. Aaron, U.S.M.J

-3-

AGREED TO AS TO FORM AND CONTENT:

THE GYM AT GREENWICH, LLC, THE
GYM AT PORT CHESTER INC., THE
GYM AT UNION SQUARE, LLC

Date: _____
September ___, 2019

By: _____
Seth Hirschel

Date: _____
September____, 2019

By: _____
Seth Hirschel (Individually)

Date: _____
September____, 2019

By: _____
Stefan Malter (Individually)

Date: _NOVEMBER 5_
~~September~~____, 2019

By: _____
Barnett Liberman (Individually)

SO ORDERED:

Dated: New York, New York

_____

_____
The Honorable Steward D. Aaron, U.S.M.J

-3-

EXHIBIT B

First $50,000 payment distribution

| Name | WTPA - 1099 | Unpaid Wages W-2 | Expenses -1099 | Attorneys fees -1099 | Total |
|---|---|---|---|---|---|
| Michael Lantino | $250.00 | $594.74 | | | |
| Joanne Cabello | $250.00 | $1,289.36 | | | |
| Tatiana Mekhryakova | $250.00 | $292.83 | | | |
| Kenneth Mahadeo | $250.00 | $3,893.29 | | | |
| Sean Tarr | $250.00 | $583.39 | | | |
| Matthew Ng | $250.00 | $556.15 | | | |
| Noel MacDuffie | $250.00 | $1,082.36 | | | |
| Mitchell Baseman | $250.00 | $131.66 | | | |
| Michael Manavian | $250.00 | $1,570.84 | | | |
| Brandon Gaydorus | $250.00 | $1,239.42 | | | |
| Alison Gilbert | $250.00 | $1,897.96 | | | |
| Pedro Nuguet Chase | $250.00 | $569.77 | | | |
| Edwin Dublin | $250.00 | $694.62 | | | |
| Luis Cornier | $250.00 | $2,086.13 | | | |
| Dawud Mohamed | $250.00 | $624.25 | | | |
| Peter Laura | $250.00 | $104.42 | | | |
| Bonnie Strati | $250.00 | $474.43 | | | |
| Cynthia Factor | $250.00 | $124.85 | | | |
| Giucia Volterra | $250.00 | $52.21 | | | |
| Lee Pitofsky | $250.00 | $317.80 | | | |
| Kat Best | $250.00 | $77.18 | | | |
| Sam Wolff | $250.00 | $177.06 | | | |
| Casey Rogers | $250.00 | $213.38 | | | |
| Edward Gober v | $250.00 | $1,564.03 | | | |
| David Rivera | $250.00 | $206.57 | | | |
| Tom Robles | $250.00 | $413.14 | | | |
| Steven Reynolds S | $250.00 | $192.95 | | | |
| Carol Aquino | $250.00 | $143.01 | | | |
| Keyla Caideras | $250.00 | $177.06 | | | |
| Rhiannon Coles | $250.00 | $61.29 | | | |
| Elisa Osborne | $250.00 | $358.86 | | | |
| Dorian Cervantes | $250.00 | $68.10 | | | |
| Robynn Europe | $250.00 | $292.83 | | | |
| Harry Otto | $250.00 | $186.14 | | | |
| Egon Ogun | $250.00 | $694.62 | | | |
| Andre Lambert | $250.00 | $290.56 | | | |
| Cheryl Berman | $250.00 | | | | |
| Eric Manning | $250.00 | | | | |
| Koresh Eliot | $250.00 | | | | |
| Roberto Mosquera | $250.00 | | | | |
| Total | $10,000.00 | $22,877.06 | $461.25 | $16,661.89 | $50,000.00 |

1

Monthly Payments

| Name | | % of the total owed... in unpaid wages | Unpaid wages - W2 | Attorneys fees | Total | # of months | |
|---|---|---|---|---|---|---|---|
| Michael Lantino | $5,752.00 | 2.62% | $150.70 | | | | |
| Joanne Cabello | $5,752.00 | 5.66% | $326.71 | | | | |
| Tatiana Mekhryakova | $5,752.00 | 1.29% | $74.20 | | | | |
| Kenneth Mahaddie | $5,752.00 | 16.27% | $935.85 | | | | |
| Sean Tarr | $5,752.00 | 2.57% | $147.83 | | | | |
| Matthew Ng | $5,752.00 | 2.45% | $140.92 | | | | |
| Noel MacDuffie | $5,752.00 | 4.68% | $269.19 | | | | |
| Mitchell Basenhart | $5,752.00 | 0.58% | $33.36 | | | | |
| Michael Manavian | $5,752.00 | 6.92% | $398.04 | | | | |
| Brandon Gaydinus | $5,752.00 | 5.46% | $314.06 | | | | |
| Alison Gilbert | $5,752.00 | 7.48% | $430.25 | | | | |
| Pedro Nuguet Chase | $5,752.00 | 2.51% | $144.38 | | | | |
| Edwin Dublin | $5,752.00 | 3.06% | $176.01 | | | | |
| Luis Cornier | $5,752.00 | 9.19% | $528.61 | | | | |
| Dawud Mohamed | $5,752.00 | 2.75% | $158.18 | | | | |
| Peter Laura | $5,752.00 | 0.46% | $26.46 | | | | |
| Bonnie Strati | $5,752.00 | 2.09% | $120.22 | | | | |
| Cynthia Factor | $5,752.00 | 0.55% | $31.64 | | | | |
| Giulia Volterra | $5,752.00 | 0.23% | $13.23 | | | | |
| Lise Pitofsky | $5,752.00 | 1.4% | $80.53 | | | | |
| Kat Best | $5,752.00 | 0.34% | $19.56 | | | | |
| Sam Wolff | $5,752.00 | 0.78% | $44.87 | | | | |
| Casey Rogers | $5,752.00 | 0.94% | $54.07 | | | | |
| Edward Gober v | $5,752.00 | 6.89% | $396.31 | | | | |
| David Rivera | $5,752.00 | 0.91% | $52.34 | | | | |
| Tom Robles | $5,752.00 | 1.82% | $104.69 | | | | |
| Steven Reynolds S | $5,752.00 | 0.85% | $48.89 | | | | |
| Carol Aquino | $5,752.00 | 0.63% | $36.24 | | | | |
| Keyla Calderas | $5,752.00 | 0.78% | $44.87 | | | | |
| Rhiannon Coles | $5,752.00 | 0.27% | $15.53 | | | | |
| Elisa Osborne | $5,752.00 | 1.58% | $90.88 | | | | |
| Dorian Cervantes | $5,752.00 | 0.3% | $17.26 | | | | |
| Robynn Europe | $5,752.00 | 1.29% | $74.20 | | | | |
| Harry Otis | $5,752.00 | 0.82% | $47.17 | | | | |
| Egon Ogun | $5,752.00 | 3.06% | $176.01 | | | | |
| Andre Lambert | $5,752.00 | 1.28% | $73.63 | | | | |
| Total | | | $5,796.87 | $2,899.55 | $8,695.42 | 23 | 199,994.56 |

1

Last $50,000 payment distribution

| Name | Unpaid wages W2 | WTPA - 1099 | Liquidated damages - 1099 | Class Rep Payment 1099 from last $50,000 payment | Attorneys fees | Total |
|---|---|---|---|---|---|---|
| Michael Lantrio | $218.10 | $250.00 | $258.84 | $2,500.00 | | |
| Joanne Cabello | $478.23 | $250.00 | $557.76 | $2,500.00 | | |
| Tatiana Mekhryakova | $115.55 | $250.00 | $119.28 | | | |
| Kenneth Mahadeo | $1,335.81 | $250.00 | $1626.18 | | | |
| Sean Tarr | $228.79 | $250.00 | $241.05 | | | |
| Matthew Ng | $212.60 | $250.00 | $233.40 | | | |
| Noel MacDuffie | $396.19 | $250.00 | $455.76 | | | |
| Mitchell Baseman | $61.02 | $250.00 | $44.56 | | | |
| Michael Manavian | $574.28 | $250.00 | $685.44 | | | |
| Brandon Gaydnrus | $449.07 | $250.00 | $544.87 | | | |
| Allison Gilbert | $607.30 | $250.00 | $754.36 | | | |
| Pedro Nuguet Chass | $217.60 | $250.00 | $239.32 | | | |
| Edwin Dublin | $257.12 | $250.00 | $299.92 | | | |
| Luis Cormier | $755.87 | $250.00 | $917.08 | | | |
| Dawud Mohamed | $237.61 | $250.00 | $263.00 | | | |
| Peter Laura | $53.18 | $250.00 | $30.56 | | | |
| Bonnie Strati | $180.58 | $250.00 | $199.98 | | | |
| Cynthia Factor | $47.52 | $250.00 | $52.60 | | | |
| Giulia Volterra | $22.51 | $250.00 | $19.36 | | | |
| Lee Pitofsky | $130.06 | $250.00 | $124.80 | | | |
| Kat Best | $33.01 | $250.00 | $28.88 | | | |
| Sam Wolff | $75.28 | $250.00 | $86.71 | | | |
| Casey Rogers | $91.54 | $250.00 | $79.58 | | | |
| Edward Gober v | $570.78 | $250.00 | $683.48 | | | |
| David Rivera | $89.54 | $250.00 | $76.12 | | | |
| Tom Robles | $154.07 | $250.00 | $177.24 | | | |
| Steven Reynolds S | $72.53 | $250.00 | $82.20 | | | |
| Carol Aquino | $59.45 | $250.00 | $55.24 | | | |
| Keyla Caideras | $74.88 | $250.00 | $67.11 | | | |
| Rhiannon Coles | $31.51 | $250.00 | $17.64 | | | |
| Elisa Osborne | $136.06 | $250.00 | $151.56 | | | |
| Dorian Cervantes | $35.01 | $250.00 | $19.60 | | | |
| Robynn Europe | $116.99 | $250.00 | $117.84 | | | |
| Harry Otto | $77.87 | $250.00 | $71.40 | | | |
| Egon Ogun | $257.12 | $250.00 | $299.92 | | | |
| Andre Lambert | $116.05 | $250.00 | $116.96 | | | |
| Cheryl Berman | | $250.00 | | | | |
| Eris Manning | | $250.00 | | | | |
| Koreen Elliot | | $250.00 | | | | |
| Roberto Mosquera | | $250.00 | | | | |
| Total | $8,566.49 | $10,000.00 | $9,779.60 | $5,000.00 | $16,659.36 | $50,005.45 |